404 U.S. 1244
 92 S.Ct. 751
 30 L.Ed.2d 767
 Joseph M. KADANS, appellant,
v.
 Jon R. COLLINS et al. Application No. A-784 (In re Case No. 71-463). Supreme Court of the United States January 31, 1972 Rehearing Denied Feb. 22, 1972. See 405 U.S. 948, 92 S.Ct. 933. On application for temporary relief. Mr. Justice DOUGLAS. The petition for certiorari in this case was denied by the Court on January 10, 1972, Mr. Justice BRENNAN and I noting that we voted to grant. 404 U.S. 1007, 92 S.Ct. 672, 30 L.Ed.2d 656. Petitioner now asks me for temporary relief allowing him to practice law pendint consideration by the Court on a petition for rehearing. The difficulty is that the grant of that relief would in effect be a partial grant of relief sought in the petition for certiorari. I, one of the dissenting Justices, am barred by our Rule 58(1) from voting on a petition for rehearing, those petitions being considered only by those 'who concurred in the judgment or decision.' Unless one of the majority who voted to deny, votes to reopen the case, the dissenters take no part. If one who voted to deny changes his mind and votes to grant the petition, then of course the entire Court participates. But in light of this rule and in light of our practice and in consideration of the nature of the relief that is being asked of me, I herewith deny the application. Inmates of Attica Correctional Facility v. Rockefeller [92SCt35,404US809,30LEd2d40] 92 S.Ct. 35 404 U.S. 809 30 L.Ed.2d 40 INMATES OF ATTICA CORRECTIONAL FACILITY v. Nelson ROCKEFELLER, Governor, et al. Application No. A-385. Supreme Court of the United States October 12, 1971 The application for a temporary restraining order or injunction presented to Mr. Justice MARSHALL and by him referred to the Court is denied. djQ Mr. Justice DOUGLAS, dissenting. Applicants, state prisoners currently incarcerated at Attica State Prison,[1] brought a class action in the District Court, under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3), alleging systematic violations of their constitutional rights by prison officials and state authorities in the aftermath of the Attica uprising of September 9-13, 1971. They requested, inter alia, that state officials be enjoined from questioning any prisoners concerning the uprising unless Miranda warnings[2] were given and counsel present. The District Court denied this request, while reserving rulings on other requested relief arising from ----------[1].Subsequent to the retaking of the prison on Sept. 13th, all inmates who had not been freed from their cells were transferred to other institutions. The current prison population at Attica consists only of prisoners who had previously been assigned to Cell Block D, which was the block involved in the uprising.[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, held that the subject of custodial interrogation must be clearly advised that he has a right to remain silent, and that anything he says may be used against him in court; he must be clearly informed that he has a right to consult with an attorney, to have an attorney present during interrogation, and, if he is indigent, to have an attorney appointed to represent him. Statements elicited without these warnings having been given are inadmissible against the subject at trial.
 
 1
 [810]
 
 charges of beatings, threats, interference with access to counsel and destruction of legal materials.[3] The question, however, was certified for appeal to the Court of Appeals, and is at present awaiting a hearing there. This is a case in which the public interest runs high and which raises grave questions concerning procedures for law enforcement that comport with the Constitution. The need for an immediate, authoritative determination of the prisoners' claims is paramount. It would serve no interest of the public, or of judicial order, for that determination to await the exhaustion of remedies in the lower courts. Miranda is part of a prisoner's bill of rights. In a recent case Miranda was applied where a federal agent questioned a prisoner who was at the time serving a state sentence on a different crime. The Solicitor General argued that Miranda was not applicable to that situation. We disagreed and speaking through Mr. Justice Black, said: 'The Government also seeks to narrow the scope of the Miranda holding by making it applicable only to questioning one who is 'in custody' in connection with the very case under investigation. There is no substance to such as distinction, and in effect it goes against the whole purpose of the Miranda decision which was designed to give meaningful protection to Fifth Amendment rights. We can find nothing in the Miranda opinion which calls for a curtailment of the warnings to be given persons under interrogation by officers based on the reason why the ----------[3].The District Court, on October 6, 1971, dismissed the remainder of the prisoners' claims. Were an appeal of these claims presently docketed in the Court of Appeals, I would consolidate them so that the entire case could be disposed of at one time.
 
 2
 [811]
 
 person is in custody.' Mathis v. United States, 391 U.S. 1, 4-5, 88 S.Ct. 1503, 20 L.Ed.2d 381. I would treat the application before us as a petition for certiorari, and bring to this Court for summary disposition the entire matter pending in the Court of Appeals. See, e. g., Wilson v. Girard, 354 U.S. 524, 928, 77 S.Ct. 1409, 1390, 1 L.Ed.2d 1544, 1532; Ex parte Quirin, 317 U.S. 1, 63 S.Ct. 2, 87 L.Ed. 3. Whitcomb v. Affeldt [92SCt39,404US809,30LEd2d44] 92 S.Ct. 39 404 U.S. 809 30 L.Ed.2d 44 Edgar D. WHITCOMB, Governor of Indiana, etc., et al., appellants, v. Don AFFELDT et al.
 
 3
 No. 70-51.
 
 Supreme Court of the United States
 October 12, 1971
 
 4
 The application for a stay presented to Mr. Justice Marshall, and by him referred to the Court, is denied.